IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SALZGITTER MANNESMANN<br>INTERNATIONAL (USA) INC.<br>    Plaintiff, | § § § § | |
| v. | § § | C.A. NO. _____<br>Admiralty Rule 9(h) |
| M/V ISLAND MARINER, her engines,<br>tackle, boilers, etc. *in rem*, | § § § | |
| v. | § § | |
| LYNX SHIPPING CO.;<br>CLIPPER STEEL SERVICES LTD.;<br>AND SIOMAR ENTERPRISES LTD.<br>    Defendants. | § § § § | |

# COMPLAINT

1. Plaintiff, Salzgitter Mannesmann International (USA) Inc. ("Salzigitter") by its attorneys, Hill Rivkins LLP, complaining of the M/V Island Mariner, *in rem*, LYNX SHIPPING CO. ("LYNX"), Clipper Steel Services Ltd. ("Clipper"), and Siomar Enterprises, Ltd. ("Siomar") (collectively "Defendants"), alleges upon information and belief:

### A.

2. This is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure, or pursuant to 9 U.S.C.A. § 8, preservation of *in rem* security for arbitration.

### B.

3. At and during all the times hereinafter mentioned, Salzgitter was the consignee and owner of the cargo in question and brings this action on its own behalf and on behalf

of all who may become interested in the cargo. Salzgitter had and now has the legal status and principal office and place of business stated in Schedule A attached.

### C.

4. At and during all the times hereinafter mentioned, LYNX SHIPPING CO., Clipper Steel Services Ltd. and Siomar Enterprises Ltd., had and now have the legal status and offices and places of business stated in Schedule A. They were, and now are, engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and controlled the above-named vessel which now is, or will be, within the jurisdiction of this Court during the pendency of this action. Issuance and delivery of process upon the vessel *in rem* was accomplished on or before January 30, 2015 upon arrival of the vessel in the jurisdiction of this court, resulting in issuance of a Letter of Undertaking, conceding *in rem* jurisdiction over the M/V Island Mariner in the U.S. District Court for the Southern District of Texas. Plaintiff requests that the vessel enter a "claim of owner" as required by the letter of undertaking agreement, acknowledging service of *in rem* process.

### D.

6. On or about December 20, 2014, at the port of Antwerp, Belgium, the M/V ISLAND MARINER and defendants LYNX SHIPPING CO., Clipper Steel Services Ltd., and Siomar Enterprises received, in good order and condition, the shipment described in Schedule A, which the vessel and defendants accepted and agreed to transport for certain consideration to the Port of Houston, Texas.

**E.**

7. Thereafter, the vessel arrived at the Port of Houston, Texas, where the cargo was found short delivered, contaminated by seawater or other aggressive chemical substance, and /or physically damaged, causing monetary damages to Plaintiff as enumerated herein. On information and belief, the vessel and defendants LYNX SHIPPING CO., Clipper Steel Services Ltd. and Siomar Enterprises breached, failed and violated their duties and obligations as common carriers and were otherwise at fault.

**F.**

8. Plaintiff further alleges, in the alternative and without waiving the above cause of action, that all defendants were bailees of plaintiff's cargo described in Schedule A. Defendants delivered the cargo described in Schedule A in a damaged condition or short delivered, which condition did not exist at the time of plaintiff's/bailor's delivery to the bailee as described in Schedule A. Defendants breached their duties and obligations as bailees and were negligent.

**G.**

9. Plaintiff was the shipper, consignee and/or owner of the shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**H.**

10. Plaintiff has duly performed all duties and obligations on its part to be performed.

**I.**

11. By reason of the above-stated premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded,

in the amount of TWO HUNDRED THIRTY THOUSAND SIX HUNDRED FIFTY-THREE AND 98/100 DOLLARS ($230,653.98).

**J.**

12. All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

Wherefore, Plaintiff prays:

1. That summons in due form of law may issue against defendants;

2. That a judgment may be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages together with interest and the costs and disbursements of this action;

3. That process in due form of law according to the practice of this court in causes of admiralty or maritime jurisdiction may issue against said the vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters stated, and this court will be pleased to pronounce a judgment in favor of plaintiff for damages together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefor; and

4. That this court will grant to plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

_____
DANA K. MARTIN
SDTX I.D. No.: 126
Texas Bar No.: 13057830
HILL RIVKINS LLP
55 Waugh Dr., Suite 1200

Houston Texas 77007
Telephone:     (713) 222-1515
Direct Line:   (713) 457-2287
Facsimile:     (713) 222-1359
E-mail: dmartin@hillrivkins.com

ATTORNEY FOR PLAINTIFF
SALZGITTER MANNESMANN
INTERNATIONAL (USA) INC.

Of Counsel:
HILL RIVKINS, LLP

## VERIFICATION

THE STATE OF TEXAS     *
                       *
COUNTY OF HARRIS       *

Dana K. Martin, being duly sworn, deposes and says:

I am an attorney and member of the firm of Hill Rivkins LLP, attorneys for Plaintiff. I am over twenty-one (21) years of age and fully competent to make this Verification. I have read the foregoing Complaint and know its contents. The Complaint is true to my knowledge, except as to the matters stated in the Complaint to be based on information and belief, and as to those matters, I believe them to be true.

The source of my information and the grounds for my belief as to those matters stated in the Complaint, to be alleged on information and belief, are documents and records in my files.

_____
Dana K. Martin

Subscribed and sworn to before me, the undersigned authority, this 7th day of January, 2016.

_____
Notary Public, State of Texas
My Commission Expires  3/26/16


ROSA LANDIN
Notary Public, State of Texas
My Commission Expires
March 26, 2016

5

## SCHEDULE A

## LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

Plaintiff, **Salzgitter Mannesmann International (USA) Inc.,** ("Salzgitter") was and now is a corporation with an office and place of business at 1770 St. James Place, Suite 500 Houston, TX 77056.

**M/V ISLAND MARINER** was at all material times a general cargo ship sailing under a Liberian flag. The vessel was built in 1998, its IMO Number is 9149677, its call sign is D5ET8, and its gross tonnage is 19,354 tons.

Defendant, "**Clipper Steel Services Ltd.**", ("Clipper") was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its Houston office at:

c/o Jon Fabian, its Texas Registered Agent
or Bo Westergaard, Sr. Vice President
Clipper Americas
2500 City West Blvd. Suite 700
Houston, TX 77042

Or c/o its home office in Denmark:

c/o Clipper House
Sundkrogsgrade 19
2100 Copenhagen, Denmark


Defendant, **Lynx Shipping Co.** ("Lynx"), was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, in care of its home office at:

C/O **Siomar Enterprises, Ltd**.
5-7 Agiou Nikolau Street
Piraeus, 185 37 Greece

Defendant, **Siomar Enterprises, Ltd.** ("Siomar")**,** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas

and/or the United States as a common carrier of goods, which does not maintain a designated agent in Texas upon whom service may be made, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, in care of its home offices:

5-7 Agiou Nikolau Street
Piraeus, 185 37 Greece

## DESCRIPTION OF SHIPMENT

| | |
|---|---|
| Vessel: | M/V Island Mariner |
| Date of Shipment: | December 20, 2014 |
| Port of Shipment: | Antwerp, Belgium |
| Port of Discharge: | Houston, Texas |
| Shipper: | Salzgitter Mannesmann International GmbH |
| Consignee: | Salzgitter Mannesmann International (USA) Inc. |
| Description of Shipment: | Steel plates |
| Nature of Loss or Damage: | Seawater Contamination, rust damage, shortage and/or physical damage |
| Amount: | $230,653.98 |